IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO RIVER VALLEY ENVIRONMENTAL
COALITION, INC., and WEST VIRGINIA
HIGHLANDS CONSERVANCY, INC.,

Plaintiffs,

v.                                              CIVIL ACTION NO. 3:09-0149

KENNETH SALAZAR,
Secretary of the Interior,

Defendant.

## ORDER

Pending before the Court is the West Virginia Department of Environmental Protection's Motion to Intervene (Doc. 12). For the reasons explained below, the Court **GRANTS** the motion.

### Background

This case involves a challenge to the December 24, 2008 decision of former Secretary of the Interior Dick Kempthorne ("the Secretary) to approve program amendments to West Virginia's regulatory program of surface mining. The changes modified two definitions within Title 38, Series 2 of West Virginia's Code of State Rules: (1) the definition of "cumulative impact;" and, (2) the definition of "material damage." Plaintiffs argue that the approval of these changes was contrary to the federal Surface Mining Control and Reclamation Act and the Administrative Procedures Act.

While Plaintiff's challenge is to the Secretary's decision, it has obvious implications upon the underlying West Virginia law. If Plaintiffs' challenge is successful, then the changes to West Virginia law may not stand. For this reason the WVDEP has a strong interest in the matter. It is for

this reason it seeks intervention Plaintiffs oppose such intervention arguing it is unnecessary and inappropriate under the circumstances.

## Analysis

Under Federal Rule of Civil Procedure 24, there are two ways to gain intervenor status. Pursuant to Rule 24(a), a court must permit intervention to one who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent this interest." Here, the WVDEP and Plaintiffs vigorously contest whether or not this standard is met. They agree that the issue turns on the question of whether the Secretary will "adequately represent" the WVDEP's interest in the litigation. The WVDEP argues that although they seek the same outcome as Defendant, their interest is of a higher intensity. Plaintiffs argue that there is a presumption an existing party will "adequately represent" the interests of a one who shares its objectives in litigation and that the WVDEP's arguments do not serve to rebut this presumption. Plaintiffs further point out that this is a matter which must be decided on the administrative record, and, as such, they argue that extraneous arguments offered by the WVDEP will not be relevant.

A putative intervenor may also be allowed to participate in litigation through the grant of permissive intervention. Under Rule 24(a)(2) a court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." All parties concede that it the Court would be within its discretion to allow WVDEP to intervene under this provision. Plaintiffs, however, contend that such intervention would place an unnecessary burden upon them and the Court.

Rather than constructing an interpretation of what it means to "adequately represent" an interest, the Court exercises its discretion and permits WVDEP to intervene pursuant to Rule 24(a)(2). Although the goal of the WVDEP appears to be identical to that of the Secretary – defense of his decision – it is not clear that the interests are of identical magnitude. The current Defendant's interest is in defending an agency decision handed down by an unelected appointee of the prior administration. The WVDEP arguably has a higher interest in defending the product of the full legislative process of the State of West Virginia. It is at least conceivable that this difference in degree of interest could motivate the WVDEP to mount a more vigorous defense than the current Defendant. The possibility that this difference in vigor could unearth a meritorious argument overlooked by the current Defendant justifies the potential burden on having an additional party in litigation. The Court exercises its discretion and welcomes the WVDEP to take part in this case.

### Conclusion

For the reasons explained above, the Court **GRANTS** the West Virginia Department of Environmental Protection's Motion to Intervene (Doc. 12). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 18, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE